UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARK A. MEYER and DEBBIE MEYER,           )<br>                                           )<br>            Plaintiffs,                   )<br>   v.                                      )<br>                                           )<br>JOHN MITCHELL and GARTH MCWILLIAMS,        )<br>                                           )<br>            Defendants.                   )<br>_____)<br>                                           )<br>JESSE BROWN, JR., TERRI BROWN,             )<br>JASON LAX, and RENEE LAX,                  )<br>                                           )<br>            Plaintiffs,                   )<br>                                           )<br>   v.                                      )<br>                                           )<br>JOHN MITCHELL and GARTH MCWILLIAMS,        )<br>                                           )<br>            Defendants.                   )   | CAUSE NO.: 4:06-CV-017-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Partial Motion for Summary Judgment as to Causation [DE 68], filed by Plaintiffs Jesse Brown, Jr. and Terri Brown ("Plaintiffs") on June 1, 2007. Defendants John Mitchell and Garth McWilliams ("Defendants") filed a response on July 2, 2007, and Plaintiffs filed a Reply on July 9, 2007. Based on the following, the Court grants Plaintiffs' motion.

1

**PROCEDURAL AND FACTUAL BACKGROUND**

On October 4, 2005, Plaintiffs filed a Complaint against John Mitchell in the Eagle County District Court in Eagle County, Colorado. On December 5, 2005, Defendant Mitchell removed the case to the United States District Court for the District of Colorado and filed an Answer. The case was then transferred to the United States District for the Northern District of Indiana on March 1, 2006. On May 26, 2006, Plaintiffs filed an Amended Complaint against John Mitchell and Garth McWilliams, which included the following allegations in the First Claim for Relief:

> 14. As a direct and proximate result of Defendants' negligence, Plaintiff Jesse Brown sustained severe and permanent injuries and damages in an amount to be determined at trial, including, but not limited to:
> . . . .
>    d.   General, neurological, and musculoskeletal injuries including, but not limited to, the following:
>       i. ruptured right ear drum;
> . . .
>       iii. right biceps tendon tear and torn rotator cuff necessitating shoulder reconstruction performed on February 3, 2005;
>       iv. L4/5 radiculopathy;
>       v. facet damage in his low back; . . . .

Pl. Br., Exh. A, p. 3; Amended Complaint [DE 30], p. 3. Each Defendant filed an Answer on June 5, 2006.

On June 14, 2006, Plaintiffs served Plaintiffs' First Set of Interrogatories, Request for Admissions, and Request for Production of Documents on Defendants. On July 16, 2006, Defendants served Defendants' Answers to Request for Admissions but did not respond to the Interrogatories or Request for Production of Documents. As a result, Plaintiffs filed a Motion to Compel on October 16, 2006, which the Court granted on January 29, 2007, ordering that Defendants respond to three outstanding interrogatories and one outstanding request for production on or before February 19, 2007.

On March 16, 2007, Plaintiffs served their Second Set of Interrogatories and Request for Admissions on Defendants. The Second Set of Requests to Admit asked for the following admissions:

   1. Admit that Plaintiff Jesse Brown complained of pain in his neck, right ear, right shoulder and back pain during his initial consultation at Hoehn Medical Center on October 28, 2002.

   2. Admit that Plaintiff Jesse Brown reported to Dr. Covello that he had bloody discharge intermittently from the right ear approximately 2 weeks after the subject collision.

   3. Admit that Plaintiff Jesse Brown sustained a tympanic membrane perforation in the right ear as a result of the subject motor vehicle collision.

   4. Admit that Leonard V. Covello, M.D.'s diagnosis of right tympanic membrane perforation is a correct diagnosis.

   5. Admit that Plaintiff has complained of lower back pain to his doctors since this collision.

   6. Admit that Plaintiff sustained lumbar L4-L5 radiculopathy and lumbar facet joint syndrome as a result of this motor vehicle collision.

   7. Admit that the diagnosis of lumbar L4-L5 radiculopathy and lumbar facet joint syndrome are the correct diagnoses.

   8. Admit that Plaintiff Jesse Brown sustained right shoulder rotator cuff tear with long head of biceps insertional tear with glenohumeral chondromalacia as a result of the subject collision.

   9. Admit that from 11/11/02 to 12/18/02, Plaintiff Jesse Brown underwent conservative treatment for his shoulder.

   10. Admit that right shoulder rotator cuff tear with long head of biceps insertional tear with glenohumeral chondromalacia is a correct diagnosis.

   11. Admit that from the date of the accident until the present, Plaintiff Jesse Brown has not faked or exaggerated his injuries or symptoms.

Pl. Br., Exh. B. Defendants did not timely respond to the second set of discovery requests. On April 24, 2007, counsel for Plaintiffs sent a letter to Defendants indicating that due to the failure to respond, the Second Set of Requests for Admissions tendered on March 16, 2007, were deemed admitted and requesting compliance with the remaining outstanding discovery.

On May 4, 2007, Defendants provided unsigned Amended Responses to Plaintiffs' First Set of Interrogatories and Requests for Production but did not produce the items requested in the outstanding request for production. Simultaneously, Defendants also served unsigned answers to Plaintiffs' Second Set of Interrogatories. However, Defendants did not answer the Second Set of Requests for Admission.

On June 1, 2007, Plaintiffs filed the instant Partial Motion for Summary Judgment as to Causation, a memorandum in support, and supporting evidentiary designations, seeking Summary Judgment on the allegations regarding causation in paragraphs 14(d)(i), (iii), (iv) and (v) of the Amended Complaint. On July 2, 2007, Defendants filed a Response to Plaintiffs' Partial Motion for Summary Judgment as to Causation along with supporting evidentiary designations. Plaintiffs filed a Reply on July 9, 2007.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate-in fact, is mandated-where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe. Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's

5

claim.  *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1526 (7th Cir. 1990).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings.  Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994).  Rule 56(e) provides that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party.  *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).  A court's role is not to evaluate the weight of the evidence, to judge the credibility of the witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact.  *Anderson*, 447 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## ANALYSIS

In their Partial Motion for Partial Summary Judgment, Plaintiffs ask the Court to enter partial summary judgment in their favor on the allegations in the Amended Complaint at paragraph 14(d)(i), (iii), (iv), and (v) that Jesse Brown's injuries were caused by the accident. Plaintiffs reason that, because Defendants did not answer Plaintiffs' Second Set of Requests for Admissions, the facts therein are conclusively established and, thus, Plaintiffs are entitled to summary judgment on the issue of causation as to certain of Jesse Brown's injuries.

Pursuant to Federal Rule of Civil Procedure 36(a), if a matter is requested to be admitted pursuant to that Rule, the party upon whom the request has been propounded must, within thirty days of service of the request, serve upon the party requesting the admission a written answer or objection addressed to the matter. *See* Fed. R. Civ. P. 36(a).[1] If no such written answer or objection is served, Rule 36(a) provides that the matter is deemed admitted. *See id*.; *see also McCann v. Mangialardi,* 337 F.3d 782, 788 (7th Cir. 2003); *United States v. Kasuboski*, 834 F.2d 1345, 1349-50 (7th Cir. 1987) (providing that, under Rule 36(a), "a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted"). Pursuant to Rule 36, a matter that is deemed admitted is "conclusively established." Fed. R. Civ. P. 36(b).

---

[1] Rule 36(a) provides, in pertinent part:
Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.
Fed. R. Civ. P. 36(a).

In the motion for summary judgment, Plaintiffs argue that, because Defendants did not respond to the Second Set of Requests to Admit, the admissions are deemed admitted under Rule 36(a) and may serve as the factual basis for the partial motion for summary judgment on the issue of causation. "[A]dmissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *Kasuboski*, 834 F.2d at 1350 (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir. 1985)); *see also McCann*, 337 F.3d at 788. Rule 56(c) of the Federal Rules of Civil Procedure provides that "[the judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and *admissions on file*, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added).

In response to the Motion for Summary Judgment, Defendants offer evidence to refute the facts deemed admitted in an attempt to raise a genuine issue of material fact on summary judgment as to the causation of Jesse Brown's injuries. In support, Defendants offer their Answers to Plaintiffs' Second Set of Interrogatories and Amended Answers to Plaintiffs' First set of Interrogatories.[2] Specifically, Defendants rely on their answers to interrogatories in which they state that they believe Jesse Brown's hearing loss was not caused by the accident and that they are unsure whether additional claimed injuries were caused by the accident. *See* Def. Resp. Br., Exh. 2, Answer to Interrogatory 2.

However, "a party cannot attack issues of fact established in admissions by resisting a motion for summary judgment." *Kasuboski*, 834 F.2d at 1350 (citing *Donovan v. Carls Drug Co.*, 703 F.2d

---

[2] Although these answers had previously been served on Plaintiffs unsigned, attached to Defendants' response brief are copies signed by Defendant John Mitchell. No signed answers for Defendant Garth McWilliams were provided.

8

650 (2nd Cir. 1983)).  When a request for admissions admits liability, a defendant cannot subsequently deny liability on the basis of evidence that the admission was mistaken.  *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996) (citing Fed. R. Civ. P. 36(b); *Kasuboski*, 834 F.2d at 1350; *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)).  "A judicial admission trumps evidence."  *Id*. (citing *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 333 (7th Cir. 1993)).  Nowhere in Defendants' response do the Defendants address Rule 36 or the related law regarding its evidentiary implications and the burden of proof on summary judgment to argue why their factual contentions should be considered in light of their admissions.  Nor do Defendants deny that they failed to respond to Plaintiffs' Requests for Admission or that the Admissions now conclusively establish that certain of Jesse Brown's injuries were caused by the accident.  Notably, Defendants do not attempt to withdraw the admissions, as permitted under Rule 36(b).[3]

In this case, when Defendants did not respond to Requests for Admission 3, 6, and 8 Defendants admitted that Jesse Brown's injuries of a ruptured right ear drum, right biceps tendon tear and torn rotator cuff necessitating shoulder reconstruction performed on February 3, 2005, L4/5 radiculopathy, and facet damage in his low back, as set forth in paragraph 14(d)(i), (iii), (iv), and (v) of the Amended Complaint, were caused by the accident.  As these facts have been deemed admitted, they are incontrovertible.  If the facts are undisputed and reasonable minds could draw

---

[3] Rule 36(b) provides:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.
Fed. R. Civ. P. 36(b).

only one inference from the facts, causation is a question of law for the Court.  *See Morales v. Golston*, 141 P.3d 901, 906 (Colo. Ct. App. 2005) (citing *Smith v. State Comp. Ins. Fund*, 749 P.2d 462 (Colo. Ct. App. 1987)); *City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 485 (Colo. Ct. App. 2003) (same).  As causation as to the injuries to Jesse Brown enumerated above has been conclusively established by Defendants' Admissions, summary judgment is appropriate on the issue of causation as to those injuries.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Partial Motion for Summary Judgment as to Causation [DE 68], granting partial summary judgment as to causation of the injuries enumerated in the Amended Complaint paragraph 14(d)(i), (iii), (iv), and (v).  The Court **REAFFIRMS** all scheduled deadlines in this matter.

SO ORDERED this 16th day of July, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:  All counsel of record