**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| JESSE BROWN, JR. and TERRI BROWN, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:06-CV-017-PRC |
| ) | |
| JOHN MITCHELL and GARTH MCWILLIAMS, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Additional Sanctions [DE 104], filed by Plaintiffs Jesse Brown, Jr. and Terri Brown (collectively "Plaintiffs") on January 14, 2008. Defendants have not filed a response to the Motion, and the time to do so has passed. As set forth below, the Court grants the motion in part and denies it in part.

**BACKGROUND**

On October 4, 2005, Plaintiffs filed a Complaint against John Mitchell in the Eagle County District Court in Eagle County, Colorado. On December 5, 2005, Defendant Mitchell removed the case to the United States District Court for the District of Colorado and filed an Answer. The case was then transferred to the United States District Court for the Northern District of Indiana on March 1, 2006.

On May 26, 2006, Plaintiffs filed an Amended Complaint against John Mitchell and Garth McWilliams. In the Amended Complaint, Plaintiffs alleged, in relevant part:

7. Upon information and belief, on or about October 23, 2002, Defendant Mitchell and/or Defendant McWilliams negligently and/or carelessly failed to properly secure the aforementioned trunk to the trailer which Defendant Mitchell was hauling.
8. At all times relevant hereto, Defendant Mitchell and/or Defendant McWilliams owed a duty to Plaintiffs to ensure that the objects tied to the trailer were secure.

9. At all times relevant hereto, Defendant Mitchell owed a duty to Plaintiffs to operate the vehicle he was driving and the trailer he was hauling in a safe and reasonable manner.

10. On October 23, 2002, due to the negligence of Defendant Mitchell and/or Defendant McWilliams, Defendant Mitchell dropped his load on the highway. Defendants failed to place any warning devices to alert oncoming traffic as to the presence of the trunk.

11. Upon information and belief, thereafter, Defendant McWilliams got out of the Ford Expedition and entered the highway in order to retrieve the trunk. Upon information and belief, Defendant McWilliams entered the highway at night without any lights or other warning devices to alert oncoming traffic as to his presence. By so doing, Defendant McWilliams and/or the trunk created a road hazard which caused Plaintiff Jesse Brown to have to swerve to the right and collide with the guard rail, resulting in Plaintiff's vehicle rolling over.

12. Defendant Mitchell breached the aforementioned duty to Plaintiffs at said time and place, said breach including, but not limited to, the following negligent acts and/or omissions:

　　　a. Operating a vehicle in a negligent and/or careless manner;

　　　b. Failing to secure or ensure that said load was secured;

　　　c. Failing to warn Plaintiffs of the presence of the trunk and/or pedestrian in the highway;

　　　d. Acting in an otherwise negligent manner, as will be demonstrated by evidence at trial.

13. Defendant McWilliams breached his duty of care to Plaintiffs, said breach including, but not limited to, the following negligent acts and/or omissions:

　　　a. Failing to secure or ensure that said load was secured;

　　　b. Entering the highway at night so as to constitute a traffic hazard;

　　　c. Failing to warn Plaintiffs of the presence of the trunk and/or pedestrian in the highway;

　　　d. Acting in an otherwise negligent manner, as will be demonstrated by evidence at trial.

14. As a direct and proximate result of Defendants' negligence, Plaintiff Jesse Brown sustained severe and permanent injuries and damages in an amount to be determined at trial, including, but not limited to:

　　　a. Past, present and future medical, hospital, pharmaceutical, rehabilitation and related expenses;

　　　b. Past, present and future pain and suffering;

　　　c. Past, present and future emotional distress;

　　　d. General, neurological, and musculoskeletal injuries including, but not limited to, the following:

　　　　　i. ruptured right ear drum;

　　　　　ii. deviated septum, which was surgically repaired on 1/17/03;

　　　　　iii. right biceps tendon tear and torn rotator cuff necessitating shoulder reconstruction performed on February 3, 2005;

　　　　　iv. L4/5 radiculopathy;

2

       v. facet damage in his low back; and
       vi. post traumatic stress disorder.
     e. Temporary and/or permanent physical impairment;
     f. Impairment of the enjoyment and quality of life; and
     g. Loss of earnings and earning capacity.

15. As a direct and proximate result of the negligence and/or carelessness of the Defendants, Plaintiff Jesse Brown has sustained permanent injuries and has incurred or will incur reasonable and necessary medical expenses having a value in excess of the statutory threshold as established by C.R.S. § 10-4-714.

. . . .

23. At all times pertinent hereto Plaintiff Terri Brown was married to Plaintiff Jesse Brown.

24. As a direct and proximate result of the previously described negligence of Defendants, Plaintiff Jesse Brown incurred damages, losses and injuries as earlier described.

25. Plaintiff Terri Brown has suffered non-economic damages as a direct and proximate result of the damages and injuries suffered by her husband, in the form of loss[sic] society and companionship, comfort of her injured spouse, intimate relations with her husband and loss of consortium.

26. Plaintiff Terri Brown has also suffered economic damages in the form of loss of household services that her injured spouse, Plaintiff Jesse Brown, would have performed as well as expenses which Plaintiff Terri Brown has incurred or will incur as a result of the injuries and damages sustained by her husband.

On June 5, 2006, each Defendant filed an Answer to the Amended Complaint. Both Answers

included the following identical relevant paragraphs:

8. Defendants admit to the generally stated duty, but deny they were negligent and further deny all other allegations as contained in Paragraph 8 of Plaintiffs' First Claim for Relief.

9. Defendant Mitchell admits to the generally stated duty, but denies he was negligent and further denies all other allegations as contained in Paragraph 9 of Plaintiffs' First Claim for Relief.

Answer (Def. Mitchell); Answer (Def. McWilliams).

On June 14, 2006, Plaintiffs served Plaintiffs' First Set of Interrogatories, Request for

Admissions, and Request for Production of Documents on Defendants. The Request for Production

of Documents provides:

> Produce a complete copy of the State Farm liability file for the motor-vehicle accident which is the subject of the Plaintiffs' Complaint, including but not limited to adjuster log notes, transcripts of recorded statements of the drivers and witnesses, motor-vehicle accident reports, photographs of the accident scene or the vehicles involved in the accident, property damage estimates, INDEX reports and Bodily Injury Evaluation Reports prepared by the liability adjuster.

Pl. Mot. to Compel, Exh. A (docket entry 43-2, Oct. 16, 2006).

On July 16, 2006, Defendants served Defendants' Answers to Request for Admissions but did not respond to the Interrogatories or Request for Production of Documents. As a result, Plaintiffs filed a Motion to Compel on October 16, 2006, and requested that the Court order Defendants to pay the reasonable expenses incurred by Plaintiffs in making the Motion. Plaintiffs subsequently filed a renewed, amended request on December 7, 2006, seeking to compel Defendants' response to all unanswered discovery requests. Defendants did not file a response to the Motion to Compel or to the renewed, amended request. On January 29, 2007, the Court granted the Motion to Compel, ordering that Defendants respond to three outstanding Interrogatories (Interrogatories 1, 4 and 5) and the outstanding Request for Production that asked for the insurance claim file all on or before February 19, 2007. The Court further directed Defendants to file a response setting forth why the Court should not order them to pay the reasonable expenses incurred by Plaintiffs in filing the Motion to Compel. Defendants failed to respond to the Court's Order. On April 18, 2007, the Court granted Plaintiffs' request for discovery sanctions against Defendants in the amount of $1,498.12 related to Plaintiffs' December 7, 2006 Motion to Compel.

On March 16, 2007, Plaintiffs served their Second Set of Interrogatories and Request for Admissions on Defendants; responses were due on April 16, 2007. Defendants did not timely respond to the second set of discovery requests. On April 24, 2007, counsel for Plaintiffs sent a letter to Defendants indicating that, due to the failure to respond, the admission in the Second Set

4

of Requests for Admissions tendered on March 16, 2007, were deemed admitted and requesting

compliance with the remaining outstanding discovery.  Plaintiffs' counsel further indicated in her

letter that if she did not receive complete responses to her First Set of Interrogatories as ordered by

the Court on January 29, 2007, she would request sanctions.  She also requested that Defendants

respond to the Second Set of Interrogatories within ten days.

On May 4, 2007, Defendants provided *unsigned* Amended Responses to Plaintiffs' First Set

of Interrogatories but did not produce the insurance file that had been requested in the First Request

for Production.  Simultaneously, Defendants served *unsigned* answers to Plaintiffs' Second Set of

Interrogatories.  Defendants did not answer the Second Set of Requests for Admission.

On May 21, 2007, Plaintiffs' counsel sent a letter to Defendants' counsel indicating that the

insurance file that the Court had ordered on January 29, 2007, to be produced by February 19, 2007,

still had not been produced.  Counsel further indicated that if the file was not produced within ten

days, Plaintiffs would seek sanctions.

On June 1, 2007, counsel for Defendants indicated he would call counsel for the Plaintiffs

on June 4, 2007, to discuss the claim file.  Counsel for Plaintiffs again advised counsel for

Defendants that if the insurance file was not received as of June 8, 2007, Plaintiffs would seek

sanctions.  As of June 11, 2007, Defendants' counsel had not called, written, or produced the file.

On June 11, 2007, Plaintiffs filed a Motion for Sanctions.  On June 26, 2007, Defendants

filed a verified response to the motion in which counsel indicated that signed Amended Answers to

the First Set of Interrogatories and Answers to the Second Set of Interrogatories for Defendant

Mitchell had been secured but that signed answers by Defendant McWilliams had not been obtained.

On July 26, 2007, Plaintiffs filed a reply brief in which Plaintiffs note that the signed interrogatory

5

responses by Mitchell were produced on July 2, 2007, that signed responses by McWilliams were not produced, and that the insurance claim file had still not been produced.

On July 30, 2007, the Court granted in part and denied in part Plaintiffs' June 11, 2007 Motion for Sanctions, striking a number of Defendants' Affirmative Defenses and awarding Plaintiffs attorney fees. The Court struck the following Affirmative Defenses:

> Fourth Affirmative Defense: That Plaintiffs' injuries or damages, if any, were caused by their own comparative conduct, or the conduct of others imputed to them, which conduct bars or diminishes any recovery of damages.
> Seventh Affirmative Defense: Plaintiffs' injuries or damages, if any, were caused by the negligence of others for whom these Defendants are not responsible or over whom these Defendants had no control.
> Eighth Affirmative Defense: Plaintiffs' injuries or damages, if any, were caused by their own assumption of a known risk, which assumption of the risk bars or diminishes any recovery of damages pursuant to C.R.S. § 13-21-111.7.
> Ninth Affirmative Defense: Plaintiffs' injuries or damages, if any, were the result of the conduct of others for whom these Defendants are not responsible.
> Tenth Affirmative Defense: Defendants, through no fault of their own, were placed in a sudden emergency and exercised that degree of care which a reasonably careful person would have exercised under the same or similar circumstances.

Denying the request that Defendants be precluded from arguing that they did not cause this collision and Jesse Brown's resulting injuries, the Court granted Defendants request for additional time, up to and including August 31, 2007, to secure the signature of Defendant McWilliams to the amended responses to Plaintiffs' First Set of Interrogatories. The Court also granted Plaintiffs' attorney fees and costs associated with filing the June 11, 2007 motion.

On July 16, 2007, the Court granted Plaintiffs' Partial Motion for Summary Judgment as to Causation as to both Defendants, determining that Jesse Brown's injuries as described in paragraph 14(d)(i), (iii), (iv) and (v) of the Amended Complaint were caused by the collision.

On September 21, 2007, the Court ordered that Defendants pay Plaintiffs $1393.50 in attorney fees related to Plaintiffs' June 11, 2007 Motion for Sanctions.

On November 13, 2007, Plaintiffs filed a Motion for Determination that Certain Medical Bills Are Recoverable.  On December 4, 2007, the Court granted the motion and ordered that Plaintiffs are entitled to seek damages for medical bills incurred by Plaintiff Jesse Brown after June 30, 2003.

On December 10, 2007, Plaintiffs filed a Renewed Motion for Sanctions, renewing their request that the Court order that Defendants be precluded from arguing that they did not cause this collision on the basis that Defendant McWilliams still had not signed his Amended Answers to the Plaintiffs' First Set of Interrogatories.  On January 3, 2008, the Court granted the motion in part and denied it in part, ordering that Defendant McWilliams only is precluded from arguing that he did not cause this collision pursuant to Federal Rule of Civil Procedure 36(b)(2)(B).  The Court further ordered that Defendant McWilliams pay Plaintiffs' reasonable attorney fees in bringing the motion. On February 7, 2008, the Court ordered Defendant McWilliams to pay Plaintiffs $458.50 in attorney fees related to the December 10, 2007 Motion for Sanctions based on an Affidavit filed by counsel for Plaintiffs.

On January 11, 2008, Plaintiffs filed a Combined Motion for Judgment on the Pleadings and Motion for Hearing Before the Court on Damages, to which Defendants filed no response and the time to do so has passed.  The motion remains pending before the Court.

On January 14, 2008, Plaintiffs filed the instant Motion for Additional Sanctions. Defendants have not filed a response, and the time to do so has passed.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.  Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

7

## ANALYSIS

In the motion, Plaintiffs request sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) against Defendants for various discovery violations.   As sanctions, Plaintiffs request (1) that Defendant Mitchell be precluded from arguing that he did not cause this collision and Plaintiff Jesse Brown's resulting injuries; (2) that judgment on the issue of liability be granted in favor of Plaintiffs and against Defendants Mitchell and McWilliams; (3) that default judgment be entered against Defendants Mitchell and McWilliams and in favor of Plaintiffs and that the Court set a damages hearing under Rule 55; and (4) that the Court award them their attorney's fees and costs in connection with this motion with the sanctions award being made against Defendants and their counsel personally.

Federal Rule of Civil Procedure 37 provides that "[t]he court . . . may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34 . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).  The sanctions for such a failure may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  *See* Fed. R. Civ. P. 37(d)(3).  Rule 37(b)(2)(A) provides for the following relevant sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  Rule 37(d)(3) further provides that, instead of or in addition to the sanctions enumerated in Rule 37(b)(2), the court must require the party failing to serve its

8

answers, objections, or written response to pay reasonable expenses, including attorney fees caused

by the failure, unless the failure was substantially justified or other circumstances make an award

of expenses unjust.  *See* Fed. R. Civ. P. 37(d)(3).

The Court briefly reviews each of the bases for the requested discovery sanctions and then

addresses each form of relief requested by Plaintiffs.

**A. Discovery Violations**

In their Motion, Plaintiffs argue the following underlying discovery violations as the basis

for the requested sanctions: (1) Defendants' failure to pay $1393.50 in attorney fees in connection

with Plaintiffs' June 11, 2007 Motion to Compel; (2) Defendants' failure to pay attorney fees

granted by the Court on January 3, 2008, associated with Plaintiffs' December 10, 2007 Renewed

Request for Sanctions; (3) Defendants' failure to produce the insurance claim file, which the Court

ordered Defendants to produce on January 29, 2007; (4) Defendant McWilliams' failure to produce

signed responses to Plaintiffs' First Set of Interrogatories; and (5) Defendants' failure to produce

signed responses to Plaintiffs' Second Set of Interrogatories and Request for Admissions.

*1. Attorney fees*

On July 30, 2007, the Court granted Plaintiffs' Motion for Sanctions and generally awarded

attorney fees.  On August 2, 2007, and August 17, 2007, counsel for Plaintiffs sent an Affidavit to

counsel for Defendants setting forth the amount of attorney fees and costs incurred and requesting

payment thereon.  Having received no response, on August 30, 2007, counsel for Plaintiffs filed an

9

Affidavit in support of the attorney fees and costs with the Court, and on September 21, 2007, the

Court entered an order for fees in the requested and unobjected to amount of $1393.50.  Counsel for

Plaintiffs then again twice requested payment of the fees on September 25, 2007 and October 9,

2007 with no response from Defendants.

On January 3, 2008, the Court granted in part Plaintiffs' Renewed Motion for Sanctions and

generally awarded Plaintiffs attorney fees.  On January 8, 2008, counsel for Plaintiffs requested

payment of the attorney fees and costs from Defendants and received no response.  The instant

motion for additional sanctions was filed on January 14, 2008.  Subsequently, on January 14, 2008,

counsel for Plaintiffs filed an Affidavit in support of attorney fees and costs, and on February 7,

2008, the Court entered an order for fees in the requested and unobjected to amount of $458.50.

*2.  The insurance claim file*

On January 29, 2007, the Court ordered Defendants to produce the insurance claim file that

had been requested in Plaintiffs' June 14, 2006 Request for Production of Documents by February

19, 2007.  The Defendants did not produce the file, and in its July 30, 2007 Order, the Court struck

five of Defendants' affirmative defenses that were related to information that may be located within

an insurance claim file.  Plaintiffs represent that Defendants still have not produce the file (first

requested by Plaintiffs over one and a half years ago), and Defendants have not offered any evidence

to the contrary.

*3.  Defendant McWilliams' failure to produce signed Amended Answers to Plaintiffs' First Set of Interrogatories and signed Answers to Plaintiffs' Second Set of Interrogatories*

In its July 30, 2007 Order, the Court granted Defendant McWilliams additional time to provide the signature on his Amended Answers to Plaintiffs' First Set of Interrogatories.  Defendant McWilliams still has not provided a signature for his Amended Answers, and, as a result, on January 3, 2008, the Court granted Plaintiffs' Renewed Motion for Sanctions and ordered that Defendant McWilliams be precluded from arguing that he did not cause the collision.

The record also reveals that Defendant McWilliams has not provided signed responses to Plaintiffs' Second Set of Interrogatories and Request for Admissions.

*4.  Defendant Mitchell's failure to produce signed responses to Plaintiffs' Second Set of Interrogatories and Request for Admissions*

Plaintiffs argue as one basis for the requested discovery sanctions that Defendant Mitchell has not provided signed copies of the Second Set of Interrogatories.  However, in Plaintiffs' July 16, 2007 reply brief in support of their June 11, 2007 Motion for Sanctions, Plaintiffs affirm the Defendants' contention that signed interrogatory responses by Defendant Mitchell were provided:

> With respect to Defendants' failure to produce verified copies of their interrogatory responses, the defense argues that Defendant Mitchell did in fact produce signed copies of these responses.  Plaintiffs note that these were not produced until July 2, 2007 *almost a month after* Plaintiffs were forced to file the subject motion. Defendants admit that they still have not produced verified responses from Defendant McWilliams.

Pl. Reply Br. of July 16, 2007 (docket entry 79).  The Court reiterated the fact that Defendant Mitchell had provided signed copies of both the Amended Answers to the First Set of Interrogatories and the Answers to the Second Set of Interrogatories in the Court's July 30, 2007 Order on the June

11

11, 2007 Motion for Sanctions, and Plaintiffs have not disputed the content of the Court's Order.[1]

In the instant motion, counsel for Plaintiffs represent that she sent a fax to counsel for Defendants

on January 7, 2008, regarding both Defendants' untimely filing of unsigned responses to the Second

Set of Interrogatories; however, a review of the materials submitted in support of the motion

demonstrate that the January 7, 2008 fax sought only payment of the attorney fees granted in the

Court's January 3, 2008 Order and did not reference the Second Set of Interrogatories.  Therefore,

the Court finds that the record currently reflects that Defendant Mitchell signed his Amended

Answer to the First Set of Interrogatories and the Answer to the Second Set of Interrogatories but

that Defendant McWilliams did not sign either of his Answers.

## B.  Requested Sanctions

### 1.  Prevent Defendant Mitchell from arguing negligence

Plaintiffs ask the Court to preclude Defendant Mitchell from arguing that he did not cause

this collision as a sanction for the cumulative individual discovery violations and the ongoing nature

of the discovery violations.  The Court previously granted this same relief as to Defendant

McWilliams in its January 3, 2008 Order as a sanction for Defendant McWilliams failing to sign his

Amended Answer to the First Set of Interrogatories because certain of the Interrogatories directly

addressed the issue of breach of duty.  Unlike Defendant McWilliams, Defendant Mitchell did sign

both his Amended Answer to the First Set of Interrogatories and his Answer to the Second Set of

---

[1] The July 30, 2007 Order provides: "On June 26, 2007, Defendants filed a verified response to the motion in which counsel indicated that signed Amended Answers to the First and Second Set of Interrogatories for Defendant Mitchell had been secured but that signed answers by Defendant McWilliams had not been obtained."  Docket Entry 81.

In support of the instant motion, Plaintiffs have attached the May 4, 2007 unsigned Answers to the Second Set of Interrogatories but do not address the answers that were served prior to the filing of Plaintiffs' reply brief.

12

Interrogatories, although both were untimely.  It appears that Defendant Mitchell's ongoing discovery violations are the failure to produce the insurance claim file and to pay attorney fees awarded to Plaintiffs by the Court.

On the instant motion, the Court denies the request as to Defendant Mitchell on the basis of the failure to pay the attorney fees and the ongoing general nature of the discovery violations in this case.  The failure to pay court-ordered attorney fees is not substantively related to the requested sanction.  Similarly, the cumulative effect of Defendant Mitchell's discovery violations, including untimely signed interrogatory responses, is not substantively related to the requested sanction.

In contrast, the Court finds that the continued failure of Defendant Mitchell to produce the insurance claim file in this case is directly and substantively related to the requested sanction that he be precluded from arguing that he did not breach his duty to Plaintiffs and as a result cause the collision.  On January 29, 2007, over a year ago, the Court ordered that Defendants produce the insurance claim file.  Notwithstanding the Court's initial Order, numerous documented requests by Plaintiffs for the insurance file, and the sanction of striking certain of their Affirmative Defenses, Defendants still have not produced the insurance claim file to Plaintiffs in this case.  Because the nature of the information typically contained within an insurance claim file is directly relevant to the issue of breach of duty, the Court grants the motion as to Defendant Mitchell on this basis and orders that he is precluded from arguing that he did not breach his duty and cause the collision as an appropriate sanction for the discovery violation.  *See* Fed. R. Civ. P. 37(b)(2)(A).

13

*2. Enter judgment on the issue of liability in favor of plaintiffs*

Plaintiffs ask that the Court enter judgment on the issue of liability in favor of both Defendants as a sanction for these discovery violations. Other than an entry of default judgment, which is requested by Plaintiffs and addressed in Part C below, Rule 37(b) does not provide for the entry of judgment on individual issues as a sanction for a discovery violation. Accordingly, the Court denies the motion as to this requested relief.

*3. Enter default judgment*

Plaintiffs also request that Default Judgment be entered against both Defendants under Rule 37(b)(2)(A)(vi) as a sanction for their discovery violations. As with the sanctions against Defendant Mitchell addressed in Part B, the Court denies this request as a sanction for the failure to pay attorney fees and the general ongoing discovery violations by both Defendants. However, the motion for default judgment is appropriate as to Defendant Mitchell for his failure to produce the insurance claim file and against Defendant McWilliams for his failure to produce the insurance claim file and signed interrogatory answers. The Court finds that these discovery violations were wilful. *See In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006) (holding that, when a court orders the sanction of default judgment, "the court must find that the party against whom [the sanction is] imposed displayed willfulness, bad faith or fault") (citing *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *cert. denied*, 543 U.S. 1049 (2005); *Golant v. Levy*, 239 F.3d 931, 937 (7th Cir. 2001)). The information generally contained within an insurance claim file is directly relevant to the issues that must be proven by Plaintiffs to prevail on their claims of negligence. Moreover, the information within McWilliams' unsigned interrogatory answers also directly relates to the issue of

14

breach of duty.   Because Plaintiffs have long been denied access to the insurance claim file notwithstanding the Court Order requiring Defendants to produce the file and, thus, have been prejudiced in their ability to prepare their claims of negligence, the Court grants the instant motion as to the requested sanction of default judgment against both Defendants and orders that the same be entered against both Defendants.   Defendant McWilliams' failure to produce signed answers to interrogatories serves as an additional basis for granting the motion against Defendant McWilliams.

### C.  Attorney Fees and Costs

Pursuant to Federal Rule of Civil Procedure 37(d)(3), the Court further grants Plaintiffs' request for an award of reasonable expenses, including attorney fees, incurred in bringing the instant motion, in addition to the sanctions awarded above, as a result of Defendants' failure to produce the insurance claim file and Defendant McWilliams' failure to provide signed interrogatory responses. Defendants have not offered any argument or evidence that their discovery failures were substantially justified or that any other circumstances make this award of expenses unjust.

### CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Additional Sanctions [DE 104].  The Court **GRANTS** Plaintiffs' request to preclude Defendant Mitchell from arguing that he did not cause the collision as a discovery sanction, **GRANTS** Plaintiffs' request for default judgment against both Defendants as a discovery sanction, and **GRANTS** Plaintiffs' request for reasonable costs, including attorney fees, incurred in bringing the

15

instant motion payable by Defendants.  The Court **DENIES** Plaintiffs' request to enter judgment on the issue of liability as to both Defendants as a discovery sanction.

Accordingly, the Court **ORDERS** that default judgment be entered against Defendant McWilliams and Defendant Mitchell.

The Court further **ORDERS** Plaintiffs to **FILE** with the Court, or before **February 18, 2008**, an Affidavit setting forth the reasonable costs, including attorney fees, incurred in bringing the instant motion.

The Court **REAFFIRMS** the final pretrial conference set for **February 15, 2008, at 11:00 a.m.**, and the jury trial setting of **March 10, 2008**, for a determination of damages in this case.

Finally, the Court **ORDERS** Plaintiffs to file their Jury Instructions and Proposed Voir Dire Questions on or before **February 18, 2008**.

SO ORDERED this 11th day of February, 2008.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc:    All counsel of record

16