**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| JESSE BROWN, JR. and TERRI BROWN, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:06-CV-017-PRC |
| ) | |
| JOHN MITCHELL and GARTH MCWILLIAMS, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Combined Motion for Judgment on the Pleadings and Motion for Hearing Before the Court on Damages [DE 101], filed by Plaintiffs Jesse Brown, Jr. and Terri Brown (collectively "Plaintiffs") on January 11, 2008. Defendants have not filed a response to the Motion, and the time to do so has passed. As set forth below, the Court grants the motion in part and denies it in part.

**BACKGROUND**

On October 4, 2005, Plaintiffs filed a Complaint against John Mitchell in the Eagle County District Court in Eagle County, Colorado. On December 5, 2005, Defendant Mitchell removed the case to the United States District Court for the District of Colorado and filed an Answer. The case was then transferred to the United States District Court for the Northern District of Indiana on March 1, 2006.

On May 26, 2006, Plaintiffs filed an Amended Complaint against John Mitchell and Garth McWilliams. In the Amended Complaint, Plaintiffs alleged, in relevant part:

> 7. Upon information and belief, on or about October 23, 2002, Defendant Mitchell and/or Defendant McWilliams negligently and/or carelessly failed to properly secure the aforementioned trunk to the trailer which Defendant Mitchell was hauling.

8. At all times relevant hereto, Defendant Mitchell and/or Defendant McWilliams owed a duty to Plaintiffs to ensure that the objects tied to the trailer were secure.

9. At all times relevant hereto, Defendant Mitchell owed a duty to Plaintiffs to operate the vehicle he was driving and the trailer he was hauling in a safe and reasonable manner.

10. On October 23, 2002, due to the negligence of Defendant Mitchell and/or Defendant McWilliams, Defendant Mitchell dropped his load on the highway. Defendants failed to place any warning devices to alert oncoming traffic as to the presence of the trunk.

11. Upon information and belief, thereafter, Defendant McWilliams got out of the Ford Expedition and entered the highway in order to retrieve the trunk. Upon information and belief, Defendant McWilliams entered the highway at night without any lights or other warning devices to alert oncoming traffic as to his presence. By so doing, Defendant McWilliams and/or the trunk created a road hazard which caused Plaintiff Jesse Brown to have to swerve to the right and collide with the guard rail, resulting in Plaintiff's vehicle rolling over.

12. Defendant Mitchell breached the aforementioned duty to Plaintiffs at said time and place, said breach including, but not limited to, the following negligent acts and/or omissions:

    a. Operating a vehicle in a negligent and/or careless manner;

    b. Failing to secure or ensure that said load was secured;

    c. Failing to warn Plaintiffs of the presence of the trunk and/or pedestrian in the highway;

    d. Acting in an otherwise negligent manner, as will be demonstrated by evidence at trial.

13. Defendant McWilliams breached his duty of care to Plaintiffs, said breach including, but not limited to, the following negligent acts and/or omissions:

    a. Failing to secure or ensure that said load was secured;

    b. Entering the highway at night so as to constitute a traffic hazard;

    c. Failing to warn Plaintiffs of the presence of the trunk and/or pedestrian in the highway;

    d. Acting in an otherwise negligent manner, as will be demonstrated by evidence at trial.

14. As a direct and proximate result of Defendants' negligence, Plaintiff Jesse Brown sustained severe and permanent injuries and damages in an amount to be determined at trial, including, but not limited to:

    a. Past, present and future medical, hospital, pharmaceutical, rehabilitation and related expenses;

    b. Past, present and future pain and suffering;

    c. Past, present and future emotional distress;

    d. General, neurological, and musculoskeletal injuries including, but not limited to, the following:

        i. ruptured right ear drum;

        ii. deviated septum, which was surgically repaired on 1/17/03;

            iii. right biceps tendon tear and torn rotator cuff necessitating
            shoulder reconstruction performed on February 3, 2005;
            iv. L4/5 radiculopathy;
            v. facet damage in his low back; and
            vi. post traumatic stress disorder.
        e. Temporary and/or permanent physical impairment;
        f.  Impairment of the enjoyment and quality of life; and
        g. Loss of earnings and earning capacity.

15. As a direct and proximate result of the negligence and/or carelessness of the Defendants, Plaintiff Jesse Brown has sustained permanent injuries and has incurred or will incur reasonable and necessary medical expenses having a value in excess of the statutory threshold as established by C.R.S. § 10-4-714.

. . . .

23. At all times pertinent hereto Plaintiff Terri Brown was married to Plaintiff Jesse Brown.

24. As a direct and proximate result of the previously described negligence of Defendants, Plaintiff Jesse Brown incurred damages, losses and injuries as earlier described.

25. Plaintiff Terri Brown has suffered non-economic damages as a direct and proximate result of the damages and injuries suffered by her husband, in the form of loss[sic] society and companionship, comfort of her injured spouse, intimate relations with her husband and loss of consortium.

26. Plaintiff Terri Brown has also suffered economic damages in the form of loss of household services that her injured spouse, Plaintiff Jesse Brown, would have performed as well as expenses which Plaintiff Terri Brown has incurred or will incur as a result of the injuries and damages sustained by her husband.

On June 5, 2006, each Defendant filed an Answer to the Amended Complaint. Both Answers included the following identical relevant paragraphs:

8. Defendants admit to the generally stated duty, but deny they were negligent and further deny all other allegations as contained in Paragraph 8 of Plaintiffs' First Claim for Relief.

9. Defendant Mitchell admits to the generally stated duty, but denies he was negligent and further denies all other allegations as contained in Paragraph 9 of Plaintiffs' First Claim for Relief.

Answer (Def. Mitchell); Answer (Def. McWilliams).

3

On June 14, 2006, Plaintiffs served Plaintiffs' First Set of Interrogatories, Request for Admissions, and Request for Production of Documents on Defendants. The Request for Production of Documents provides:

> Produce a complete copy of the State Farm liability file for the motor-vehicle accident which is the subject of the Plaintiffs' Complaint, including but not limited to adjuster log notes, transcripts of recorded statements of the drivers and witnesses, motor-vehicle accident reports, photographs of the accident scene or the vehicles involved in the accident, property damage estimates, INDEX reports and Bodily Injury Evaluation Reports prepared by the liability adjuster.

Pl. Mot. to Compel, Exh. A (docket entry 43-2, Oct. 16, 2006).

On July 16, 2006, Defendants served Defendants' Answers to Request for Admissions but did not respond to the Interrogatories or Request for Production of Documents. As a result, Plaintiffs filed a Motion to Compel on October 16, 2006, and requested that the Court order Defendants to pay the reasonable expenses incurred by Plaintiffs in making the Motion. Plaintiffs subsequently filed a renewed, amended request on December 7, 2006, seeking to compel Defendants' response to all unanswered discovery requests. Defendants did not file a response to the Motion to Compel or to the renewed, amended request. On January 29, 2007, the Court granted the Motion to Compel, ordering that Defendants respond to three outstanding Interrogatories (Interrogatories 1, 4 and 5) and the outstanding Request for Production that asked for the insurance claim file all on or before February 19, 2007. The Court further directed Defendants to file a response setting forth why the Court should not order them to pay the reasonable expenses incurred by Plaintiffs in filing the Motion to Compel. Defendants failed to respond to the Court's Order. On April 18, 2007, the Court granted Plaintiffs' request for discovery sanctions against Defendants in the amount of $1,498.12 related to Plaintiffs' December 7, 2006 Motion to Compel.

4

On March 16, 2007, Plaintiffs served their Second Set of Interrogatories and Request for Admissions on Defendants; responses were due on April 16, 2007.  Defendants did not timely respond to the second set of discovery requests.  On April 24, 2007, counsel for Plaintiffs sent a letter to Defendants indicating that, due to the failure to respond, the admissions in the Second Set of Requests for Admissions tendered on March 16, 2007, were deemed admitted and requesting compliance with the remaining outstanding discovery.  Plaintiffs' counsel further indicated in her letter that if she did not receive complete responses to her First Set of Interrogatories as ordered by the Court on January 29, 2007, she would request sanctions.  She also requested that Defendants respond to the Second Set of Interrogatories within ten days.

On May 4, 2007, Defendants provided *unsigned* Amended Responses to Plaintiffs' First Set of Interrogatories but did not produce the insurance file that had been requested in the First Request for Production.  Simultaneously, Defendants served *unsigned* answers to Plaintiffs' Second Set of Interrogatories.  Defendants did not answer the Second Set of Requests for Admission.

On May 21, 2007, Plaintiffs' counsel sent a letter to Defendants' counsel indicating that the insurance file that the Court had ordered on January 29, 2007, to be produced by February 19, 2007, still had not been produced.  Counsel further indicated that if the file was not produced within ten days, Plaintiffs would seek sanctions.

On June 1, 2007, counsel for Defendants indicated he would call counsel for the Plaintiffs on June 4, 2007, to discuss the claim file.  Counsel for Plaintiffs again advised counsel for Defendants that if the insurance file was not received as of June 8, 2007, Plaintiffs would seek sanctions.  As of June 11, 2007, Defendants' counsel had not called, written, or produced the file.

5

On June 11, 2007, Plaintiffs filed a Motion for Sanctions. On June 26, 2007, Defendants filed a verified response to the motion in which counsel indicated that signed Amended Answers to the First Set of Interrogatories and Answers to the Second Set of Interrogatories for Defendant Mitchell had been secured but that signed answers by Defendant McWilliams had not been obtained. On July 26, 2007, Plaintiffs filed a reply brief in which Plaintiffs note that the signed interrogatory responses by Mitchell were produced on July 2, 2007, that signed responses by McWilliams were not produced, and that the insurance claim file had still not been produced.

On July 30, 2007, the Court granted in part and denied in part Plaintiffs' June 11, 2007 Motion for Sanctions, striking a number of Defendants' Affirmative Defenses and awarding Plaintiffs attorney fees. The Court struck the following Affirmative Defenses:

> Fourth Affirmative Defense: That Plaintiffs' injuries or damages, if any, were caused by their own comparative conduct, or the conduct of others imputed to them, which conduct bars or diminishes any recovery of damages.
> Seventh Affirmative Defense: Plaintiffs' injuries or damages, if any, were caused by the negligence of others for whom these Defendants are not responsible or over whom these Defendants had no control.
> Eighth Affirmative Defense: Plaintiffs' injuries or damages, if any, were caused by their own assumption of a known risk, which assumption of the risk bars or diminishes any recovery of damages pursuant to C.R.S. § 13-21-111.7.
> Ninth Affirmative Defense: Plaintiffs' injuries or damages, if any, were the result of the conduct of others for whom these Defendants are not responsible.
> Tenth Affirmative Defense: Defendants, through no fault of their own, were placed in a sudden emergency and exercised that degree of care which a reasonably careful person would have exercised under the same or similar circumstances.

Denying the request that Defendants be precluded from arguing that they did not cause this collision and Jesse Brown's resulting injuries, the Court granted Defendants request for additional time, up to and including August 31, 2007, to secure the signature of Defendant McWilliams to the amended responses to Plaintiffs' First Set of Interrogatories.

On July 16, 2007, the Court granted Plaintiffs' Partial Motion for Summary Judgment as to Causation as to both Defendants, determining that Jesse Brown's injuries as described in paragraph 14(d)(i), (iii), (iv) and (v) of the Amended Complaint were caused by the collision.

On September 21, 2007, the Court ordered that Defendants pay Plaintiffs $1393.50 in attorney fees related to Plaintiffs' June 11, 2007 Motion for Sanctions.

On November 13, 2007, Plaintiffs filed a Motion for Determination that Certain Medical Bills Are Recoverable.  On December 4, 2007, the Court granted the motion and ordered that Plaintiffs are entitled to seek damages for medical bills incurred by Plaintiff Jesse Brown after June 30, 2003.

On December 10, 2007, Plaintiffs filed a Renewed Motion for Sanctions, renewing their request that the Court order that Defendants be precluded from arguing that they did not cause this collision on the basis that Defendant McWilliams still had not signed his Amended Answers to the Plaintiffs' First Set of Interrogatories.  On January 3, 2008, the Court granted the motion in part and denied it in part, ordering that Defendant McWilliams only is precluded from arguing that he did not cause this collision pursuant to Federal Rule of Civil Procedure 36(b)(2)(B).  The Court further ordered that Defendant McWilliams pay Plaintiffs' reasonable attorney fees in bringing the motion. On February 7, 2008, the Court ordered Defendant McWilliams to pay Plaintiffs $458.50 in attorney fees related to the December 10, 2007 Motion for Sanctions based on an Affidavit filed by counsel for Plaintiffs.

On January 11, 2008, Plaintiffs filed the instant Combined Motion for Judgment on the Pleadings and Motion for Hearing Before the Court on Damages.  Defendants have not filed a response, and the time to do so has passed.

7

On January 14, 2008, Plaintiffs filed a Motion for Additional Sanctions, which the Court granted in part and denied in part on February 11, 2008. As discovery sanctions, primarily for Defendants' failure to produce the insurance claim files, the Court ordered that Defendant Mitchell is precluded from arguing that he did not cause the collision and the Court ordered that default judgment be entered against both Defendants. The Court further ordered that the issue of damages remains for trial.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

In the motion, Plaintiffs request an order (1) entering judgment on the pleadings with respect to Defendant McWilliams; (2) setting a hearing to determine the amount of damages to be awarded; and (3) holding that, by application of Colorado law, Defendants are jointly and severally liable for damages in this case. The Court addresses each in turn.

### A. Judgment on the Pleadings

*1. Rule 12(c)*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When ruling on a 12(c) motion, the Court considers only the pleadings, "which consist of the complaint, the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk*

8

*Retention Group, Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citing *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). When a plaintiff moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the nonmoving party cannot prove facts sufficient to support his position." *Id.* (citing *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)).

A ruling on the instant motion for judgment on the pleadings requires the Court to consider matters outside of the pleadings, specifically other orders issued by this Court. Federal Rule of Civil Procedure 12(d) requires the Court to convert a motion for judgment on the pleadings to a motion for summary judgment when matters outside the pleadings are presented and not excluded by the Court. *See* Fed. R. Civ. P. 12(d); *see also Northern Indiana Gun & Outdoor Shows*, 163 F.3d at 453 n.5. Accordingly, the Court converts this 12(c) motion for judgment on the pleadings to a motion for summary judgment. Pursuant to Rule 12(d), the Court finds that Defendant McWilliams has had "a reasonable opportunity to present all the material that is pertinent to the motion," *see* Fed. R. Civ. P. 12(d), as he had an opportunity to respond to the instant motion to oppose judgment as a result of the Court's rulings against him on the elements of liability. *See Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002) (holding that a failure to notify the parties of their opportunity to produce material relevant to a converted Rule 56 motion does not require reversal if there is nothing that the nonmoving party could produce that would create a genuine issue of fact for trial). Plaintiffs' motion relies solely on McWilliams' Answer and the Court's rulings in this case, and there are no factual disputes remaining on the issue of liability for which McWilliams could attempt to demonstrate a genuine issue of material fact.

9

*2. Summary judgment standard*

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate– in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe. Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc*., 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1526 (7th Cir. 1990).

10

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of the witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 447 U.S. at 249-50; *Doe*, 42 F.3d at 443.

*3. Choice of law*

In its December 4, 2007 Order, the Court held that Colorado law applied to the damages issue in this tort case addressed in that motion. The Court now finds that Colorado substantive law also applies to the issue of tort liability in this case.

11

When a diversity action is transferred from one district court to another pursuant to § 1404(a), the transferee court applies the "state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).  Generally, a federal court will look to the "whole law of the forum in which it sits, including that state's choice-of-law rules." *Soo Line R.R. Co v. Overton*, 992 F.2d 640, 643 (7th Cir. 1993) (citing *Coldwell Banker & Co. v. Karlock,* 686 F.2d 596, 600 (7th Cir. 1982)); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (holding that a federal court sitting in diversity jurisdiction must apply the conflict of law rules of the forum state).  Accordingly, the Court will look to Colorado state law, including its choice of law rules.

In tort actions, Colorado courts have adopted the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws (1971) for the resolution of choice of law issues and with regard to tort actions.  *See AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007) (applying the most significant relationship test to tort actions and to prejudgment interest on a damages award); *First Nat'l Bank v. Rostek*, 514 P.2d 314, 320 (Colo. 1973); *Hawks v. Agri Sales, Inc.*, 60 P.3d 714, 715 (Colo. Ct. App. 2001); *ITT Specialty Risk Servs. v. Avis Rent A Car Sys., Inc.*, 985 P.2d 43, 47 (Colo. Ct. App. 1998).  Section 6 of the Second Restatement sets forth the principles for courts to consider in determining choice of law:

> Section 6 of the Restatement (Second) of the Conflict of Laws provides:
>
> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the applicable rule of law include
> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971).

Section 145 further establishes the test for determining the state with the most significant relationship in a cause of action sounding in tort:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>> (a) the place where the injury occurred,
>> (b) the place where the conduct causing the injury occurred,
>> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145; *see also AE, Inc.*, 168 P.3d at 510.

Section 146 more specifically addresses the law that is applicable to a tort action involving personal injury:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws § 146.

In this case, the injury occurred in Colorado. When considering the factors in § 6 and § 145, no other state has a more significant relationship: the injury occurred in Colorado, the place where the conduct causing the injury occurred is Colorado, and the place where the relationship between

13

the parties is centered as a result of the accident is Colorado. The only factor not pointing to Colorado is the domicile or residence of the parties, which is Indiana for the Plaintiffs and Kentucky for the Defendants. Nothing in the record or the representations by the parties suggests that the domicile or residence of the parties is more significant to the issue of liability than the connections to Colorado. Accordingly, after reviewing and weighing the factors in § 145(2) and § 6 of the Restatement (Second) of Conflict of Laws given the facts of this case, the Court finds that Colorado law applies to the issue of liability.

*4. Liability*

Under Colorado law, the elements of a cause of action for negligence are (1) the existence of a legal duty on the part of the defendant to the plaintiff, (2) a breach of that duty by the defendant, and (3) that the breach of the duty caused the harm resulting in injury to the plaintiff. *See Raleigh v. Performance and Heating*, 130 P.3d 1011, 1015 (Colo. 2006) (en banc); *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005).

In this case, McWilliams admitted in his answer that he owed a duty to Plaintiffs to ensure that objects tied to the trailer were secure. As a result of the Court's January 3, 2008 Order, Defendant McWilliams is precluded from denying that his negligence caused the subject collision in this case. Defendant McWilliams is also precluded from pursuing his Fourth, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses, which address comparative negligence, negligence of others, assumption of risk, the conduct of third parties, and the sudden emergency doctrine respectively. Finally, on July 16, 2007, the Court granted summary judgment in favor of Plaintiffs and against both Defendants, holding that the injuries enumerated in paragraph 14(d)(i), (iii), (iv), and (v) of the Amended Complaint were caused by the collision.

14

Accordingly, there is no genuine issue of material fact as to any element of liability on Plaintiffs' claim of negligence against Defendant McWilliams. As an alternative to the default judgment entered earlier this date against Defendant McWilliams, the Court now Court grants summary judgment in favor of Plaintiffs on the issue of liability for Jesse Brown, Jr.'s injuries enumerated in paragraph 14(d)(i), (iii), (iv), and (v) as to Defendant McWilliams. As a result, the only issue remaining for trial as to Plaintiffs' claim against Defendant McWilliams is the amount of damages to be awarded.

### B. Hearing on Damages

The Court denies Plaintiffs' request for a hearing before the Court (without a jury) on damages. Plaintiffs and Defendants in this matter have all demanded a trial to a jury; the damages issues will be determined by a jury.

### C. Joint Liability Under Colorado Law

Colorado law provides that when two or more persons "consciously conspire and deliberately pursue a common plan or design to commit a tortious act," the tortfeasors shall be held "jointly liable" for the damages arising from their actions. C.R.S. § 13-21-111.5(4).[1] The Colorado Supreme Court has held that a "tortious act" under § 13-21-111.5(4) is any conduct other than breach of

---

[1] Section 13-21-111.5(4) provides:
Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act. Any person held jointly liable under this subsection (4) shall have a right of contribution from his fellow defendants acting in concert. A defendant shall be held responsible under this subsection (4) only for the degree or percentage of fault assessed to those persons who are held jointly liable pursuant to this subsection (4).
C.R.S. § 13-21-111.5(4).

contract that constitutes a civil wrong and causes injury or damages. *See Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1055-56 (Colo. 1995). Joint and several liability may be based upon evidence of a course of conduct from which a tacit agreement to act may be implied. *See id*. at 1052.

In the Court's February 11, 2008 Order on Plaintiffs' Motion for Additional Sanctions, the Court entered default judgment against both Defendant Mitchell and Defendant McWilliams as a discovery sanction. In addition, in the instant Order, the Court enters summary judgment on liability against Defendant McWilliams. Accordingly, liability has been determined as to both Defendants.

Defendants' common plan or design is demonstrated by their actions in negligently securing Defendant McWilliams' trunk to Defendant Mitchell's camper trailer, which the Court has previously held that both Defendants are precluded from disputing. In this case, Defendants worked together to strap the trunk to the camper trailer and to inspect the items on the trailer, as stated in Defendant Mitchell's signed Answers to the First Set of Interrogatories.[2] Therefore, their course of conduct in hauling the trunk on the camper constituted a tacit agreement or a common plan. Because their common plan–the negligent securing of the trunk to the trailer–resulted in the collision and Jesse Brown's injuries, Defendants are jointly and severally liable for the damages in this case. Accordingly, the Court grants the motion and orders that Defendants Mitchell and McWilliams be held jointly liable for the damages arising from their liability in this case.

---

[2] In their brief in support of the instant motion, Plaintiffs cite to Defendant Mitchell's deposition for further support that Defendants worked together. However, Plaintiffs have not submitted the deposition to the Court as evidence.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Combined Motion for Judgment on the Pleadings and Motion for Hearing Before the Court on Damages [DE 101]. The Court **GRANTS** the motion to the extent that it seeks a judgment on the issue of liability as to Defendant McWilliams, and the only issue remaining for trial on the negligence claim against Defendant McWilliams is the measure of damages. The Court **GRANTS** the Motion as to joint liability. The Court **DENIES** the request for a bench hearing on damages.

The Court **ORDERS** that judgment as to liability be entered against Defendant McWilliams and **FINDS and ORDERS** that Defendant McWilliams and Defendant Mitchell are jointly liable for the damages arising from their liability in this case.

The Court **REAFFIRMS** the final pretrial conference set for **February 15, 2008, at 11:00 a.m.**, and the jury trial setting of **March 10, 2008**, for a determination of damages in this case.

SO ORDERED this 11th day of February, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record